Robert W. Thompson, Esq. (SBN: 250038)
THOMPSON LAW OFFICES, P.C.
700 Airport Blvd., Suite 160
Burlingame, California 94010
Telephone: (650) 513-6111
Facsimile: (650) 513-6071

Attorneys for Non-Party JANE DOE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE;<br><br>    Plaintiff,<br><br>v.<br><br>DAVID GUILLOD,<br><br>    Defendant. | Case No. 2-22-MC-00103<br><br>**MOTION TO QUASH SUBPOENA** |

## I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 45(c) and California Marsy's Law, Non-Party JANE DOE (hereinafter "Movant," a California resident) hereby requests this Court quash Defendant David Guillod's subpoena issued on or around April 4, 2022 by the United States District Court of New Jersey under Case Number 2:21-cv-02743-SRC-CLW seeking non-party deposition testimony and documents related to Movant's rape and sexual assault allegations against Guillod, for which there are active criminal cases pending. Movant has no knowledge of Plaintiff or the underlying civil case pending in the United States District

Court of New Jersey, which appears to be related to a 1984 sexual assault by David Guillod in New Jersey.

Defendant Guillod's subpoena is overly broad, unduly burdensome, seeks disclosure of privileged matter and violates Movant's constitutional rights under California Marsy's Law. Defendant's only purpose for pursuing such subpoenas is to gather otherwise prohibited discovery in his criminal case and to harass and intimidate his victims, including Movant. Furthermore, Guillod's subpoena seeks testimony and documents in direct violation of the September 22, 2021 Order by the Honorable Patricia Kelly granting the State's Motion to Quash subpoenas seeking identical discovery in the Superior Court of California, County of Santa Barbara under case number 20-CR-80026. *See* Court Order, attached hereto as Exhibit A.

## II.   STATEMENT OF FACTS

Movant is a complainant in the State of California's case in the county of Santa Barbara against David Guillod. *See* Superior Court of California, County of Santa Barbara, Case No.: 20CR80026. Movant has no knowledge of Plaintiff, has never met Plaintiff or spoken with Plaintiff, and has no knowledge of the facts or claims underlying the matter for which she was subpoenaed to testify and produce documents.

Movant was served on or about April 25, 2022 with a subpoena to provide testimony and document production on May 3, 2022 in New Jersey Federal District Court Civil Action No. 2:21-cv-02743. *See* Subpoena, attached hereto as Exhibit B[1]. Defendant's subpoena

---

[1] Movant has redacted her own name, as she is an unnamed Jane Doe complainant in the above-mentioned criminal matter, as well as redacting Plaintiff's name, who has filed under pseudonym. Movant will send an unredacted version directly to the Court if so directed.

commands Movant's appearance for a deposition by Defendant's criminal and civil attorney, Philip Cohen, Esquire, at his office in Santa Monica, California, and demands Movant produce the following documents:

1. Any and all written communication between YOU and PLAINTIFF, including but not limited to any communication by and/or between YOU and any attorney(s) for PLAINTIFF;
2. Any and all electronic and written communication received by YOU from any law enforcement agency and/or District Attorney's Office (whether in New Jersey, California or any other jurisdiction) pertaining to PLAINTIFF;
3. Any and all electronic and written communication received by YOU from any law enforcement agency and/or District Attorney's Office (whether in New Jersey, California or any other jurisdiction) pertaining to DEFENDANT;
4. Any and all electronic or written communication between YOU and DEFENDANT.

On May 1, 2022, Movant, not yet having retained counsel, sent to counsel for Defendant a letter objecting to the subpoena and advising that, due to the deficiencies in the subpoena, she would not be complying. *See* Movant's Letter to Defense, attached hereto as Exhibit C. Counsel for Defendant responded on May 2, 2022, threatening to move to hold Movant in contempt if she does not appear for the scheduled deposition on May 3, 2022. *See* Letter from Ronald Ricci, Esq., attached hereto as Exhibit D.

### III.   LEGAL STANDARD

The Federal Rules of Procedure generally provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that...requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(a).

This Court is the appropriate venue for this motion because subpoenas must be challenged before the court for the district where compliance is required. *See* Fed. R. Civ. P. 45(d)(3)(a) ("On timely motion, *the court for the district where compliance is required must quash or modify a subpoena[.]*")(emphasis added).

IV.  **ARGUMENT**

The subpoenas issued by Defendant must be quashed as they are over broad, unduly burdensome, seek disclosure of privileged matter, and violation Movant's Constitutional rights under Marsy's law.

First, Defendant's subpoena is overly broad in that it seeks a wide range of documents, including investigative documents, without properly defining or narrowing the scope of documents by any date range. Second, Defendant's subpoena is unduly burdensome, as Movant is a nonparty, has no knowledge of Plaintiff or the underlying claims, and was given just over one week to attempt to comply with the demands, and retain counsel for a matter in which she has no knowledge whatsoever.

Next, Defendant's subpoena seeks disclosure of privileged matter, as the testimony and documents sought by Defendant are of the same matter that was quashed by the Honorable Patricia Kelly on or about September 22, 2021. Requiring Movant to comply with Defendant's subpoena would put her in violation of the Order prohibiting the disclosure of the subpoenaed information.

Lastly, Defendant's subpoena is a violation of Movant's Constitutional rights under Marsy's Law. Under Marsy's Law, the California Constitution article I, § 28, provides Movant with the following enumerated rights:

1. To be treated with fairness and respect for her privacy and dignity, and to be free from intimidation, harassment, and abuse, throughout the criminal or juvenile justice process.
2. To be reasonably protected from the defendant and persons acting on behalf of the defendant.
3. ...

4. **To prevent the disclosure of confidential information or records to the defendant, the defendant's attorney**, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law.
5. **To refuse an interview, deposition, or discovery request by the defendant, the defendant's attorney,** or any other person acting on behalf of the defendant, and to set reasonable conditions on the conduct of any such interview to which the victim consents.

California Constitution article I, § 28, section (b) §§1-5 (emphasis added).

Here, Phillip Cohen, Esquire, represents Guillod in both the criminal prosecution, and the civil matter for which he is subpoenaing Movant's testimony and production of documents. Movant has no relationship whatsoever to Plaintiff or her claims. Defendant's subpoena is clearly just an attempt to continue to intimidate, harass and abuse Movant throughout the criminal justice process, and the subpoena is a violation of Movant's rights as a victim of crime to be protected from Defendant, free from harassment, and her right to be prevented from the disclosure of confidential information or records to the Defendant and her right to refuse deposition by the Defendant and his attorney.

## V.   CONCLUSION

For the foregoing reasons, Movant respectfully requests this Honorable Court grant Movant's Motion to Quash the April 4, 2022 Subpoena by Defendant David Guillod.

Dated:  May 3, 2022                              THOMPSON LAW OFFICES, P.C.

By: _____
Robert W. Thompson, Esq.
Attorney for Non-Party Jane Doe

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA – CRIMINAL MINUTE ORDER**

| People of the State of California vs. ☐ Deft True Name: | Miller – Criminal | CASE NUMBER: 20CR80026 | | |
|---|---|---|---|---|
| Guillod, David (PXS) 2502675 | | DATE: 09/22/2021 | TIME: 1:30 PM | DEPT: SM Dept 6 |
| HEARING: Motion to Quash SDTs Jane Does 1-6 | | CLERK: E. Corral | | |
| JUDGE: Honorable Patricia Kelly | | REPORTER: M. McNeil | | |
| DISTRICT ATTY: Jennifer Karapetian by L. Franco and A. Harrison | | CUSTODY STATUS: BB/Supervised Release | | |
| DEFENSE ATTY: Philip K Cohen | | AGENCY: Sheriff's Dept | DATE OF VIOL: 12/14/2014 | DOB: 01/08/1967 |
| Interpreter _____ sworn: language _____ | | | | |

| CHARGES: | 001 PC209B1 -P | 004 PC289B -P | 007 PC288AP -P |
|---|---|---|---|
| | 002 PC261A3 -P | 005 PC289D -P | 008 PC261A3 -P |
| via Zoom | 003 PC261A4C -P | 006 PC288AI -P | 009 PC261A4C -P |

**☑ Appearances:** ☑ Deft present ☐ Deft not Present ☐ In Custody
☑ With Atty ☐ With PD ☐ By Atty ☐ By PD ☐ Needs Atty
☐ PD appointed ☐ PD declares conflict ☐ PD relieved ☐ CDA appointed
☐ 977 PC waiver filed ☐ Defense/PD declares lost contact
☐ 170.6 CCP Judge _____ by ☐ Defense ☐ People
☐ Case assigned for all purposes to _____
**Arraignment/Pleas:**
Filed: ☐ Amended Complaint ☐ Amended Information ☐ Information
☐ Deft advised of rights (see reverse) ☐ Deft/Atty waives formal reading and advisement of rights ☐ Defense handed copy of ☐ Comp ☐ Info
☐ On DA/Court's Motion, Complaint/Information amended:
☐ To add count ___ viol of ___ and ☐ count ___ viol of ___
☐ To reduce/replace count(s) ___ to ___
☐ Ct(s) _____ reduced to Misdemeanor per 17b PC
☐ Deft is duly arraigned and pleads: ☐ Not Guilty to Ct(s) ___
☐ No Contest to Ct(s) ___ ☐ Guilty to Ct(s) ___
☐ Denies Prior ___ ☐ Admits ___ Prior(s) ___ Prior(s) ___ Stricken
☐ Special Allegation(s) / Refusal ☐ Denied ☐ Stricken
☐ Admitted
☐ Ct(s) ___ ☐ Dismissed on Motion of DA/Court in Interest of Justice (inclusive)
(1385 PC) ☐ Dism on Motion of DA/Crt on other grounds, Jane Does 1-6
☐ Harvey waiver ct(s) ___ ☐ Faretta waiver fld ☐ Arbuckle waiver given/filed
☑ Motion by People to Quash SDTs ☑ Granted ☐ Denied case(s) w/out prejudice.
☐ Deft waives time for ☐ Arraignment ☐ Prelim ☐ Trial ☐ Sentencing
☐ Time waived for ___ days ☐ Time waived to ___
☐ General Time Waiver ☐ Other: _____
**Violation of Probation:** ☐ Defense handed copy of Violation of Probation Report ☐ Deft advised of alleged Violation of Probation and all VP rights
☐ Deft admits viol & waives all VP rights ☐ Deft denies alleged Viol of Prob
☐ Deft found in Violation of Probation ☐ Deft not found in Viol of Probation
**Diversion:** ☐ Diversion granted on Ct(s) ___ for ___ months/years, order incorp. herein ☐ Denied ☐ Reinstated ☐ Violation admitted
☐ Terminated and criminal proceedings reinstated
**Reporting:** ☐ Report/Refer to Probation within ___ hrs/days for:
☐ Pre-Plea Report ☐ 1203c Report ☐ ODARA assessment ☐ SCRAM
☐ Pre-Sentence Rpt ☐ Anger Mgmt ☐ Restitution ☐ Other ___
☐ Firearms Assessment ☐ Oral/Written Supplemental ☐ Work Service
☐ Recommended Therapies ☐ Referral given to Probation Officer in court
**Custody Status:** ☐ Remanded to the custody of the Sheriff
☐ Bail set at $ ___ ☐ No Bail ☐ Cite Release continued
Deft ordered ☐ released ☐ to return ☐ discharged on this case only
☐ To Representative of: _____
☐ Released on ☐ OR ☐ Supervised Release ☑ OR/SR continued
☐ OR/SR revoked ☐ Deft to be seen by Med. Tech/County Mental Health
☐ Deft to be dressed out ☐ with property for release ☐ Jury Trial ☐ Until further order by the Court ☐ Other: _____
☐ Cash Bail ☑ Bail Bond ☑ Continued ☐ Forfeited ☐ Exonerated
☐ Reinstated and Exonerated ☐ Apply to Fine ☐ Reassumed
☐ Upon payment of $ ___ fee by ___
**Warrant:** Ordered per ___ ☐ 978.5 PC ☐ 40508a VC
☐ 1203.2 PC $ ___ ☐ No Bail ☐ Held until ___
☐ May be forfeited ☐ May be served at night ☐ Quashed ☐ Released
☐ RECALLED ☐ Warrant remains out ☐ Affidavit/Declaration requested
**Other Orders:** ☐ Criminal proceedings ☐ suspended ☐ reinstated
☐ Fine/Jail stayed pending appeal ☐ Statement of appeal settled/certified
☐ Deft Sentenced to ☐ State Prison ☐ Jail 1170(h) PC, Packet to follow
☐ 4011. 6 PC report ☐ 136.2 PC Protective Order ☐ 288.1 PC report
☐ 730 EC report ☐ 136.2PC Order dated ___ vacated
☐ 1368 PC Declared ☐ Dr(s) ___ appointed

**Probation:** ☐ Unsupervised ☐ Supervised ☐ Supervision 1170(h):
☐ Probation Granted for ___ mos/yrs, imposition of sentence suspended
☐ Probation Granted for ___ mos/yrs, Deft sentenced to ___ days/mos Santa Barbara County Jail, suspended for ___ days/mos/yrs
☐ Supervision Granted for ___ mos/yrs, see page two of minute order
☐ See Prob/Sup Order incorporated herein for all Terms and Conditions
☐ Revoked ☐ To Retain Jurisdiction. ☐ To Impose/Execute Sentence
☐ Terminated ☐ Prob to terminate upon completion of ☐ Jail ☐ Fine
☐ Reinstated ☐ Modified ☐ Existing terms and conditions
☐ Modified, order incorporated herein ☐ Term stricken ___
☐ Extended for ___ months/yrs, terminate on ___
☐ Formal Prob modified to Court ☐ Court Prob modified to Formal
☐ Prob unsupervised upon completion ☐ Jail ☐ SCRAM ☐ Rest ☐ Fine
**Jail:**
As to Ct(s) ___ Deft to serve ___ Days in Santa Barbara County Jail ☐ per 1170(h) PC ☐ Credit for time served ☐ Deft granted credit for ___ actual days time served plus ___ good/work time credits for a total of ___ days.
☐ Deft to report to jail on or before noon/at ___ on ___
☐ SB ☐ SM ☐ May be served in any penal institution
☐ New remand, Vacate previous Jail report date of ___
☐ Sentence to be served ☐ Consecutive ☐ Concurrent to ___
☐ Deft to report to ___ for booking and release within ___ days
☐ Booking fee ordered ☐ Booking fee waived
**Driver's License/Programs:** ☐ See Probation Order
☐ License suspended ☐ License restricted for ___ days/mos/yrs
☐ Petition for Restrict ☐ Granted ☐ Denied ☐ IID required
Deft to attend ☐ 1st Offend-3 mo ☐ 1st Offend-9 mo ☐ 12hr prog ☐ Multi-Off
☐ Re-referred, enroll by ___
**Payments:** ☐ See Probation Order
☐ As to ☐ All ☐ Count(s) ___, Fine ordered of $ ___
☐ As to Count(s) ___ Fine ordered of $ ___
☐ Plus Restitution/OR/CR Fine/Fee of $175.00 per 1202.4/1463.07 PC.
☐ Due Today ☐ Or pay total amount due plus an additional $30.00 per PC 1205 in full within 60 days ☐ of release or ☐ by ___, or sign up for the installment payment plan. ☑ Make checks payable to "Clerk of the Court"
☐ Diversion Restitution Fee of $ ___ by ___
☐ Victim Restitution in the amount of $ ___ is ordered
☐ $ ___ of Fine is ☐ Exonerated by Jail ☐ Suspended
☐ May be paid by Comm Service ☐ ___ hrs Comm Serv by ___
☐ Modify fine terms to $ ___ due by ___
☐ Pay CCA ☐ FTA / FTP ☐ Security Fee of $ ___ by ___
☐ Pay PD/CDA/Atty costs of $ ___ by ___
**CASE ORDERED CONTINUED TO:**

| Date: | Time: | Hearing: | Dept: |
|---|---|---|---|
| 10-07-21 | 10:30am | PXS | 6 |
| (to be heard at 11:30am) | | | |

☑ Vacate date of 10-13-21 ☐ Deft must be personally present
☐ Estimated ☐ Trial ☐ Prelim ☐ Hearing Length ___
☑ Commenced ☑ Concluded ☐ In Progress ☐ Continued ☐ Off calendar
☐ Rescheduled by ☐ Court ☐ Party ☑ Last Date for Trial ___
See ☐ reverse side ☐ page two for supplemental minute order

Comm 10/12 PX) vacated
TE: 1 week

By E. Corral _____ Deputy Clerk

**ARRAIGNMENT / ADVISEMENT** (applicable entries initialed):
_____ **ATTORNEY** waived formal reading and advisement of rights.
_____ **DEFENDANT** advised of his/her constitutional rights as follows:
  _____ **(JURY TRIAL)** Right to trial by jury.
  _____ **(SELF INCRIMINATION)** Privilege against compulsory self-incrimination.
  _____ **(CONFRONTATION)** Right to confront and cross-examine witnesses.
  _____ (COUNSEL) Right to be represented by an attorney at all stages of the proceedings and to the appointment of counsel if one is unable to afford one.
  _____ (CONTINUANCE) Right to a reasonable continuance.
  _____ (SPEEDY TRIAL) Right to a speedy and public trial.
  _____ (COURT TRIAL) Right to a court trial.
  _____ (SUBPOENA) Right to subpoena witnesses on ones own behalf.
  _____ (PLEA) Right to plead guilty or not guilty.
  _____ (ARRAIGNED) Deft duly arraigned.
**FELONY**
  _____ (PRELIMINARY HEARING) Right to a Preliminary Hearing.
  _____ (60 DAYS) Right to have a trial within 60 days of the filing of an indictment or information.

**PLEA ENTERED / ADMONISHMENTS AND WAIVERS** (applicable entries initialed):
_____ Defendant withdraws plea of guilty as to count(s) _____.
_____ **COURT** finds that the Defendant was advised, understands, and waived each of the constitutional rights after being specifically queried as to each one.
  _____ **(PRO-PER)** Defendant waived counsel.
  _____ **(COUNSEL)** Defendant represented by counsel.
  _____ **(CONCURRENCE)** Defense counsel concurred in defendant's plea or admission.
_____ **COURT found plea was knowledgeable, intelligently made and voluntary.**
_____ **(CHARGES)** Court informed the defendant of the charges and direct consequences of plea.
_____ (RIGHTS) Court informed the defendant that by pleading guilty/no contest he/she is giving up the constitutional rights listed below.
_____ COURT finds that the plea is freely and voluntarily made.
_____ The COURT accepts the defendant's plea of guilty or no contest.
_____ The COURT finds that the defendant understands the nature of the crimes charged and the consequences of the guilty/no contest plea.
_____ COURT finds that there is a factual basis for the plea.
_____ (WRITTEN PLEA) Written plea of guilty/no contest form executed by defendant and filed.
_____ (IMMIGRATION) Defendant advised per 1016.5 PC as to the effect of plea on immigration status.
_____ **(WAIVED) Defendant was informed of and WAIVED his/her constitutional rights as follows:**
  _____ **(JURY TRIAL)** Right to trial by jury.
  _____ **(SELF INCRIMINATION)** Privilege against compulsory self-incrimination.
  _____ **(CONFRONTATION)** Right to confront and cross-examine witnesses.
  _____ (CONTINUANCE) Right to a reasonable continuance.
  _____ (SPEEDY TRIAL) Right to a speedy and public trial.
  _____ (COURT TRIAL) Right to a court trial.
  _____ (SUBPOENA) Right to subpoena witnesses on ones own behalf.
  _____ (COUNSEL) Right to be represented by an attorney at all stages of the proceedings and to the appointment of counsel if one is unable to afford one.
**FELONY**
  _____ (PRELIMINARY HEARING) Right to a Preliminary Hearing.
  _____ (60 DAYS) Right to have a trial within 60 days of the filing of an indictment or information.

---

| SUPERIOR COURTS OF CALIFORNIA<br>COUNTY OF SANTA BARBARA | PROBATION DEPARTMENTS |
|---|---|
| **SANTA BARBARA – FIGUEROA DIVISION**<br>118 East Figueroa Street<br>Santa Barbara, CA 93101-2113<br>Phone: (805) 568-3959 | **Santa Barbara**<br>117 East Carrillo Street, Santa Barbara, CA 93101<br>Phone: (805) 882-3700 |
| **SANTA MARIA – MILLER DIVISION**<br>312-M East Cook Street<br>Santa Maria, CA 93454-5165<br>Phone: (805) 346-7550 | **Santa Maria**<br>2121 S. Centerpointe Parkway, Santa Maria, CA 93455-6139<br>Phone: (805) 803-8500 |
| **LOMPOC DIVISION**<br>115 Civic Center Plaza<br>Lompoc, CA 93436-6967<br>Phone: (805) 737-7789 | **Lompoc**<br>415 E. Cypress Avenue, Lompoc, CA 93436<br>Phone: (805) 737-7800 |
| **SOLVANG DIVISION**<br>1745 Mission Drive<br>Solvang, CA 93463<br>Phone: (805) 686-5040 | **SANTA BARBARA COUNTY JAILS**<br><br>**Santa Barbara**<br>4436 Calle Real<br>Santa Barbara, CA 93110<br><br>**Santa Maria Substation**<br>812-A West Foster Road<br>Santa Maria, CA 93455 |

*For Court fines:* Make checks payable to "Clerk of the Court"

SC-3400 [Rev. January 2020]

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| Jane Doe ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 2:21-CV-02743 |
| David Guillod ) | |
| _Defendant_ ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ███████████

(Name of person to whom this subpoena is directed)

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 100 Wilshire Blvd., Suite 1300<br>Santa Monica, CA 90401 | Date and Time:<br>05/03/2022 10:00 am |
|---|---|

The deposition will be recorded by this method: stenography and video/audio

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/02/2022

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                               Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:21-CV-02743

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DOCUMENTS TO BE PRODUCED

**DEFINITIONS:**

"Electronic and written communication" means all tangible forms of communication between and amongst the individuals and/or entities specified in the requests below, and includes, but is not limited to, any and all written, verbal, pictorial, audio and/or video content, whether transmitted in person, by mail, by electronic means, or by any other form of delivery or transmission. The term "electronic and written communication" also specifically includes, but is not limited to, e-mails, text messages, "snap chat" messages, and/or any all other electronic and online social media messenger services.

"You" refers to ▓▓▓▓▓▓▓▓▓▓▓▓ her agents.

"Plaintiff" refers to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and her agents, representatives, and attorneys.

"Defendant" refers to David Guillod.

**DOCUMENTS:**

1. Any and all electronic and written communication between YOU and PLAINTIFF, including, but not limited to, any communication by and/or between YOU and any attorney(s) for PLAINTIFF.

2. Any and all electronic and written communication received by YOU from any law-enforcement agency and/or District Attorney's Office (whether in New Jersey, California, or any other jurisdiction) pertaining to PLAINTIFF.

3. Any and all electronic and written communication received by YOU from any law-enforcement agency and/or District Attorney's Office (whether in New Jersey, California, or any other jurisdiction) pertaining to DEFENDANT.

4. Any and all electronic and written communications between YOU and DEFENDANT.

May 1, 2022

Ronald J. Ricci
Ricci & Fava LLC
16 Furler St., 2nd Floor
Totowa, NJ 07512
rricci@riccifavalaw.com

Philip Cohen
100 Wilshire Blvd, Suite 1300
Santa Monica, CA 90401
pcohen@pcohenlaw.com

**Letter objecting to subpoena**

Mr. Ricci and Mr. Cohen,

I am writing to object to a subpoena dated April 4, 2022 to provide testimony and production on May 3, 2022 in Civil Action No. 2:21-cv-02743.

For background, I am one of the six Jane Doe victims in the criminal proceeding against the defendant in this civil case, David Guillod. The criminal proceeding is case number 20CR80026, in the Superior Court in California, Santa Barbara County. In the criminal case, Mr. Guillod is charged with multiple counts of felony sexual assault of me and the other victims. Currently, the criminal proceeding is in the preliminary hearing stage.

As a Jane Doe victim of sexual assault in the criminal matter, I request my anonymity be retained as such in this matter. Specifically, I request that my name be redacted or designated as Jane Doe in any filings or public documents.

My objections to this subpoena are as follows:

**Relevance.** Until I received this subpoena, I was not aware of the name of the Plaintiff in this lawsuit. I have never communicated with Ms. ▆▆▆▆▆▆▆ and I do not know her personally. I am not involved in any way in this civil proceeding, and I don't believe I have information relevant to it.

**Time.** I was served this subpoena on April 25, 2022, leaving me 7 days to respond to it. This is not enough time for me to make arrangements to testify and produce documents, nor enough time for me to obtain an attorney to provide me with advice and representation related to this subpoena. The Federal Rules of Civil Procedure that are attached to the subpoena state that a subpoena must be quashed or modified where it "fails to allow a reasonable time to comply." (Rule 45(d)(3)(A)(i)).

**Marsy's law.** The California constitution provides me with rights that I believe will be violated if I am forced to provide testimony and evidence in this case.

These rights were already enforced by the court in the criminal matter, which quashed a subpoena from the defendant's attorney that demanded that I provide many of the same documents that are requested in this new subpoena for the civil case in New Jersey. I think the same rationale for protecting me applies here.  If I am forced to comply with this subpoena, it will be as if Marsy's law has no effect in protecting me. Additionally, the Federal Rules of Civil Procedure require the court to quash or modify a subpoena that requires disclosure of protected matter. (Rule 45(d)(3)(A)(iii).

**Privacy and protection.**  My identity and privacy are protected in the California criminal case because I am a "Jane Doe" victim. However, this subpoena has my name on it, and I am worried that my identity will be exposed if I am forced to provide testimony under my actual name in this separate civil case.

Based on these objections, I believe the subpoena is deficient and does not require my compliance as stated therein.

Thank you,



Law Offices

# RICCI ✦ FAVA L.L.C.

Ronald J. Ricci, Esq.
Joseph Fava, Esq.*
Marisa Dominguez, Esq.*

Kevin Sisco, Esq.
Jacqueline Ramirez, Esq.*
Tina L. Naraine, Esq.

Of Counsel:
Michael J. DeMarco, Esq.
Vincent C. Scoca, Esq.
Brooke Bagley, Esq.

*Admitted to NJ & NY Bars

16 Furler Street, 2nd Floor
Totowa, New Jersey 07512

(973) 837-1900
Facsimile: (973) 837-1915
E-mail: mail@riccifavalaw.com

Essex County Offices

395 Franklin Street
Bloomfield, New Jersey 07003
(973) 837-1900
Facsimile: (973) 837-1915
E-mail: mail@riccifavalaw.com

*Please Reply to our Totowa Office*

May 2, 2022

[redacted]

Re:   <u>Doe v. Guillod, et al.</u>
      Civil Action #: 2:21-CV02743

Dear Ms. [redacted]

I am in receipt of your letter dated May 1, 2022, indicating your intention to not appear for tomorrow's duly notice deposition. As I read your letter it appears that you are not represented by counsel. If I am incorrect, please forward this correspondence to your attorney and ask him or her to contact me immediately.

As to the substance of your letter, one, I disagree with your legal analysis and, two, I do not believe that your informal "letter objection" is the appropriate means by which to challenge the jurisdiction and/or legality of your federal deposition subpoena. If it is the timing of tomorrow's deposition that you object to, I am more than happy to re-calendar your testimony to work around your schedule. Please provide me with alternate dates and I will arrange for same.

Please be advised however that absent your request to re-calendar to a more convenient date, tomorrow's deposition will go forward with a court reporter as scheduled.

In the event you do not appear tomorrow, I will file a request with the United States District Court seeking that you be held in contempt of Court for your failure to appear, and I will be requesting sanctions commensurate with the fees and costs associated with any such request for relief. I would very much like to avoid this and I would ask you to reconsider your decision not to appear. Please let me know your decision.

Very truly yours,

Ronald J. Ricci, Esq.

RJR/da
Cc:    Jill Roth, Esq.